IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MILTON EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV124 |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST NATIONAL BANK OF OMAHA, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his complaint in this matter on April 4, 2011 (Filing No. 1). Plaintiff has previously been given leave to proceed in forma pauperis (Filing No. 6). The Court now conducts an initial review of plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I. **SUMMARY OF COMPLAINT**

Plaintiff filed his complaint in this matter against one defendant, First National Bank of Omaha ("FNB") (Filing No. 1 at CM/ECF p. 1). Plaintiff alleges that defendant willfully and/or negligently violated multiple provisions of the Fair Credit Reporting Act ("FCRA") by accessing his credit report without authorization. (*Id.* at CM/ECF p. 3.) Plaintiff alleges defendant's actions have caused him to suffer severe emotional harm and mental distress. (*Id.*) Plaintiff requests a declaratory judgment against FNB for their violation of the FCRA and unspecified compensation for actual, statutory, and punitive

damages. (*Id.*) Plaintiff also alleges several state-law claims such as "invasion of privacy," defamation, and "intentional misrepresentation." (*Id.*)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. &*

*Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

**III. DISCUSSION OF CLAIMS**

   ***A.   FCRA Claims***

The FCRA sets forth to whom any consumer reporting agency may furnish a consumer report. 15 U.S.C. §1681b. Pursuant to that provision, a consumer reporting agency may furnish a consumer report to any person "it has reason to believe . . . intends to use the information in connection with a credit transaction involving the consumer," or to review an account of the consumer's. *Id.* Reports may also be furnished to persons which the consumer reporting agency has reason to believe have a "legitimate business need" for the information in connection with a business transaction that is initiated by the consumer. *Id.* In addition, 15 U.S.C. § 1681o and 15 U.S.C. § 1681n provide civil causes of action to individuals whose credit reports have been accessed in violation of the FCRA. To set forth a valid claim for willful noncompliance under 15 U.S.C. § 1681n, a plaintiff must show that an individual or entity accessed his credit report "under false pretenses or knowingly without a permissible purpose." *Id.*; *see also Bakker v. McKinnon*, 152 F.3d 1007, 1013 (8th Cir. 1998) ("To show willful noncompliance with the FCRA, [the plaintiff] must show that [the defendant] knowingly and intentionally committed an act in

conscious disregard for the rights of others, but need not show malice or evil motive.") (quotations omitted).

Thus, in order to proceed with a claim against FNB under the FCRA, plaintiff must allege that FNB accessed his consumer information in violation of 15 U.S.C. §1681(b). If plaintiff had an account with FNB, initiated a credit transaction with FNB, or FNB had a "legitimate business need" when it accessed his credit report, there is no violation of the FCRA. Plaintiff's complaint fails to allege any facts supporting a claim that FNB lacked any of these connections to plaintiff. Further, in order to set forth a valid claim for willful noncompliance under 15 U.S.C. § 1681(n), a plaintiff must show that FNB accessed his credit report under false pretenses or knowingly and without a permissible purpose. Plaintiff has not done so.

In short, the allegations currently before the Court are insufficient to "nudge" plaintiff's claims cross the line from conceivable to plausible. However, on its own motion, the Court will grant plaintiff 30 days in which to amend his complaint to sufficiently allege a claim against FNB. Any amended complaint shall restate the allegations of plaintiff's prior complaint (Filing No. 1) and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If plaintiff fails to file an amended complaint in accordance with this memorandum and order,

plaintiff's complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### B. *State Law Claims*

Liberally construing the complaint, plaintiff may also have claims for violations of state law such as defamation and "invasion of privacy." Pending amendment of the complaint as set forth in this memorandum and order, the Court makes no finding regarding its jurisdiction over any potential state law claims. In the event that plaintiff fails to amend his complaint in accordance with this memorandum and order, the Court will not retain jurisdiction over any state law claims and those claims will be dismissed without prejudice to reassertion in state court.

IT IS ORDERED:

1. Plaintiff shall have until **July 14, 2011,** to amend his complaint and clearly state a claim upon which relief may be granted against defendant, in accordance with this memorandum and order. If plaintiff fails to file an amended complaint, this matter will be dismissed without further notice for failure to state a claim upon which relief may be granted.

2. In the event that plaintiff files an amended complaint, plaintiff shall restate the allegations of the current complaint (Filing No. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

3. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **July 14, 2011,** and dismiss if none filed.

4. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

DATED this 21st day of June, 2011.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.